IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RYAN W. WEIMER                                                         PLAINTIFF

V.                              NO. 12-2280

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Ryan W. Weimer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for Child's Insurance Benefits (CIB) and Supplemental Security Income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 495(g).

**I.  Procedural Background:**

Plaintiff filed his applications for CIB on January 25, 2011, and for SSI on February 2, 2011, alleging disability beginning February 4, 2011, due to learning disability, borderline retardation, not adapting well in new situations, being very vulnerable, naive, and trusting, depression, seizure disorder, memory problems, back problems, and asthma. (Tr. 29, 164-165, 173-178, 214). An administrative hearing was held on April 3, 2012, at which Plaintiff and his mother appeared, and Plaintiff chose not to be represented by counsel. (Tr. 63-104).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decisions dated June 27, 2012, the ALJ found that Plaintiff had the following severe impairments - seizure disorder, learning disorder, and mood disorder. (Tr. 31, 45). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix, I, Subpart P, Regulation No. 4. (Tr. 32, 46). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) except as follows: The claimant can occasionally lift and/or carry fifty pounds and frequently twenty five pounds, sit for six hours in an eight-hour workday, and stand and/or walk for six hours in an eight-hour workday. The claimant must avoid hazards including unprotected heights and moving machinery. The claimant can understand, remember, and carry out simple, routine, repetitive tasks. He can respond to usual work situations and routine work situations. The claimant can respond to supervision that is simple, direct, and concrete.

(Tr. 34-35, 48). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a kitchen helper/dishwasher, hand packager, and bagger/sacker. (Tr. 38, 52).

Subsequent to the entry of the ALJ decision, Plaintiff obtained counsel, who requested a review of the hearing decision by the Appeals Council, which denied the request on September 24, 2012. (Tr. 1-4, 5-8). Subsequently, Plaintiff filed this action . (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). On February 27, 2013, Plaintiff filed a Motion for Remand and Brief with New Evidence in Support of Complaint for Judicial Review. (Doc. 11). Defendant filed her brief, and the case is now ready for decision. (Doc. 12).

**III:   Discussion:**

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there

is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Woolf, 3 F.3d at 1215.

Dr. Robert Spray's September 7, 2012 report, which is one of the items used as basis for remand, did not exist on June 27, 2012, when the ALJ issued his decision, and that fact, coupled with the fact that Plaintiff was unrepresented by counsel until after the ALJ decision, serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings. Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir. 1993).

Next, the Court considers the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991)(quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir.1984) ("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status").

The medical evidence of record revealed that Plaintiff had a long history of treatment for seizure disorder, incidents of suicidal/homicidal ideation, and borderline intellectual dysfunction/mild mental retardation. In looking at Dr. Spray's Mental Medical Source Statement dated September 13, 2012, the Court notes that Dr. Spray, who had been treating Plaintiff since

June 2007, found Plaintiff had marked limitation in eleven categories. (Doc. 11-2). After reviewing the entire record, the Court finds that remand is appropriate for consideration of the additional medical evidence as there is a reasonable likelihood that it would have changed the Commissioner's determination.

IV.   **Conclusion:**

Based on the foregoing, the Court remands this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 8th day of January, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE